Steadman, *Appellant,* v. Hayes *et al.*

1. **Fraudulent Conveyance**: CREDITORS. In a suit to set aside a fraudulent conveyance, defendants cannot set up as a defense fraud upon creditors who are strangers to the record.

2. **Mortgage**: TITLE. The mortgagee in a mortgage, executed to secure a *bona fide* indebtedness, is a purchaser in good faith, and acquires the legal title of the mortgageor.

3. **Fraud**: EQUITY. In a proceeding to set aside a fraudulent conveyance, the controlling question is, whether there was fraud in the transaction which would warrant a court of equity in setting it aside.

4. ———: CASE ADJUDGED. The trial court having found there was no fraud in this transaction, the judgment upon a consideration of all the evidence is affirmed.

*Appeal from Benton Circuit Court.*—Hon. J. B. Gantt, Judge.

Affirmed.

*M. A. Fyke* and *R. W. Campbell* for appellant.

The court erred in dismissing complainant's bill. The evidence clearly shows the trade was fully consummated when Mitchell, the agent of Hayes, delivered the deed to Stoddart. But, if the trade was conditional, and Mitchell exceeded his authority in delivering the deed, Hayes ratified the act. Hayes received no consideration for the deed to his daughters, and if executed when claimed, it was voluntary as to subsequent purchasers without notice Defendants, who claimed the land, did not testify in the cause. This shows lack of good faith and taints their claim with fraud. *Baldwin v. Whitcomb,* 71 Mo. 651; *Mabrey v. Mc-Clurg,* 74 Mo. 575. Defendants are estopped from claiming under the deed to Hayes' daughters, although it was for a valuable consideration and executed prior to the Stoddart deed. "The true rule is, that if a man so conducts himself, whether intentionally or not, that a reasonable person would infer that a certain state of things exists, and acts on the impression, he shall afterward be estopped from denying it." *Sherrill v. Sherrill,* 73 N. C. 8; *Henderson v. Lemly,* 79 N. C. 169; *Raley v. Williams,* 73 Mo. 310; *Harrington v. Utterback,* 57 Mo. 519; *Brooks v. Kearns,* 86 Ill. 547. The case is clearly within the jurisdiction of a court of equity. 2 Story's Eq., (4 Ed.) p. 12, § 700; *Martin v. Rowe,* 39 Ala. 722; *Standish v. Dow,* 21 Iowa 363; *Dowing v. Wherrin,* 19 N. H. 9; *McGhee v. Wright,* 16 Ill. 555; *Almony v. Hicks,* 3 Head. 39; *Thompson v. Lynch,* 29 Cal. 189. The fact that the conveyance, as between Stoddart and plaintiff is a mortgage, cannot affect plaintiff's rights.

*James H. Lay* and *W. S. Shirk* for respondents.

Plaintiff's petition shows that he has no grounds for relief in equity. Hayes' deed to Stoddart, in the hands of Mitchell, was only an escrow. Stoddart having obtained possession of it without complying with the conditions

upon which it was to be delivered, it was void in his hands, and even if plaintiff was a purchaser from him for a full consideration, and without notice, he would take no title. 3 Washburn on Real Prop., pp. 283, 287, 293, 294, 301, 303, and notes and cases cited; *Townsend v. Hawkins*, 45 Mo. 286; *Stanley v. Valentine*, 79 Ill. 548. The deeds from Stoddart to Williams, and from Williams to plaintiff, are at most only mortgages. *O'Neil v. Capelle*, 62 Mo. 202; *Turner v. Kerr*, 44 Mo. 429. Plaintiff's deed being a mere quitclaim, he is considered in law as buying with notice of all prior equities, whether he had actual knowledge of them or not. *Ridgeway v. Holliday*, 59 Mo. 444; *Stivers v. Horne*, 62 Mo. 473; *Austin v. Sorney*, 63 Mo. 19. A volunteer cannot successfully come into equity against another volunteer, and though Hayes' deed to his children was without consideration, parties claiming under him afterward without consideration, or with notice, cannot set it aside. 1 Story's Eq., § 433; *Wallace v. Wilson*, 30 Mo. 335; *Bishop v. Schneider*, 46 Mo. 472; *Arbuchon v. Baider*, 44 Mo. 560; *Maupin v. Emmons*, 47 Mo. 304. Plaintiff has never been in possession. This is an action to quiet title or remove a cloud from the title, and he must be in possession to maintain it. 1 Story's Eq., § 711 a; Bispham's Eq., § 575; *Clark v. Ins. Co.*, 52 Mo. 272.

HENRY, J.—By this action plaintiff seeks to set aside a conveyance of certain town lots in the town of Warsaw, and tracts of land in Barton county by William Hayes to his co-defendants, his daughters, dated January 31, 1876, and recorded the 17th day of May, 1876, alleging that on the 9th of May, 1876, said Hayes and wife, by their deed of that date and recorded May 20, 1876, conveyed the same property to Ashton B. Stoddart, who paid a valuable consideration therefor, without any notice of the conveyance to Hayes's daughters, which was without consideration, and contrived by them for the purpose of defrauding and cheating Stoddart out of said property. That although

said deed to his daughters purports to have been made and acknowledged on the 31st of January, 1876, it was not in fact made, or acknowledged, until long afterwards. Plaintiff claims the property in controversy by deed from one W. H. Williams, dated July 27th, 1876, to whom it was conveyed by Stoddart and wife the 13th of May, 1876.

The answer of defendants put in issue all the material allegations in the petition, and pleaded specially that, on or about the 9th day of May, 1876, William Hayes and Stoddart made a conditional agreement for exchange of hotel property owned by Stoddart at Osage Mission, Kansas, for the property of Hayes in controversy. That on the hotel property there was an incumbrance of $1,500, and the condition of the exchange was that Stoddart should pay to Hayes money to pay it off, and that in order to enable Stoddart to obtain the money, Hayes and wife executed the deed above mentioned to Stoddart, and placed it in the hands of Edgar Mitchell, a son-in-law of Hayes, with the understanding and agreement between them that Mitchell should accompany Stoddart to Sedalia, and ascertain if a loan of $1,500 could be effected by Stoddart on the land. That the deed was placed in Mitchell's hands that he might show it to parties of whom the loan might be solicited, but it was not to be delivered to Stoddart until the loan was obtained and the $1,500 paid to Hayes. That the loan was not effected, nor the $1,500 ever paid to Hayes, but that Stoddart, in violation of his said agreement, and by means unknown to defendants, fraudulently obtained possession of the deed and filed it for record with the recorder, etc., and that neither Hayes nor his co-defendants ever received any consideration for said conveyance, and that the deed was never delivered to Stoddart by Hayes' authority. They also aver that when the agreement was made between Hayes and Stoddart, Jennie, Susan, and Clara Hayes, daughters and co-defendants, agreed with Hayes to convey to him or Stoddart, as they might determine, their title to the land, for a valuable consideration

to be paid to them. The court found for defendants and dismissed the bill, and from this judgment the plaintiff has appealed.

There was evidence introduced on the part of defendants tending to prove that the conveyance from Stoddart to Williams was made in fraud of his creditors, and that the deed from Williams to Steadman was made in furtherance of the same design, but this branch of the case may be disposed of very briefly. Creditors are not complaining of fraud in those conveyances and these defendants cannot set it up against Steadman. Nor does it matter that the deeds from Stoddart to Williams and from Williams to plaintiffs are only mortgages. If executed in order to secure a bona fide indebtedness, the mortgagee is a bona fide purchaser, and acquires the legal title of the mortgagor. The real and controlling questions are whether the deed was executed and delivered to Stoddart in consummation of the agreement to exchange property, and if so, was there fraud in the transaction between Hayes and his daughters which would warrant a court of equity in setting aside the conveyance to them. Reese, Melton, and John Wright, witnesses for defendants, testify to facts which seem to support the allegation in the answer, that the exchange was to be made only on condition that Stoddart obtained a loan of $1,500 on the land, otherwise the deed was to be returned to Hayes. Hayes testifies positively that such was the agreement when the deed was delivered to Mitchell, and the court might very properly have so found from the testimony.

It appears, however, that subsequently Hayes accepted and placed upon record a mortgage executed by Stoddart and wife upon this property to secure him in the sum of $1,500, the amount of the incumbrance upon the Kansas hotel property, and his explanation of that conduct is that Mitchell having failed to return the deed executed by him, he was apprehensive that he was about to be defrauded of his land, and filed the mortgage to try and protect himself,

He said: "I conceived in my mind a thorough swindle was being perpetrated on me, and I had to use all means in my power to defeat it, and put on record the deed to my children and mortgage to me from Stoddart." The mortgage bears date the 13th of May, 1876, and was recorded May 27, 1876, and Hayes' deed to Stoddart bears date the 9th of May, 1876, and was recorded the 20th of May, 1876. The deed from Hayes to his daughters was recorded May 17th, 1876, three days before Stoddart's deed from Hayes was recorded, and before Stoddart's deed to Hayes for the hotel property was recorded. That deed was delivered to Mitchell. Whether Hayes knew that it had been so delivered before recorded does not appear.

Stoddart therefore had constructive notice of that deed before the deed from Hayes to him was placed upon record. Hayes' testimony in connection with his own conduct, and the testimony of Melton, Reese, and Wright, which corroborates him, tends strongly to show that he was acting in good faith, and did the acts which seemed to throw suspicion upon his motives under the impression that they were necessary to his protection against an apprehended misuse of the deed he had executed to Stoddart.

He further testified that pending the negotiations between him and Stoddart for an exchange of property, he informed Stoddart of the deed he had made to his daughter. If that is true, Stoddart's inquiry of Lay as to Hayes's title must have had reference to its source, because he then knew of the conveyance to Hayes's daughters. Another circumstance which is urged as convincing proof that an exchange was actually made, is that Hayes's wife, two daughters and a son accompanied Stoddart and Mitchell to Osage Mission, and took possession of the hotel property and commenced business. This was before Stoddart executed to Hayes a deed for the hotel property, before he had Hayes' deed to him placed upon record, and when, according to the testimony of Hayes, Reese, Wright, and Melton, no exchange had been effected, but depended upon Stod-

dart's success in effecting a loan for $1,500 on the Benton county property. Hayes's family, especially the females, seem to have been exceedingly anxious to remove to Kansas, and over the old man's remonstrances, as he testified, went, pending the negotiations between him and Stoddard. Hayes had a married daughter then living in Kansas, the wife of Mitchell, and, strangely enough, after Mitchell went with Stoddart to Sedalia to procure a loan upon the Benton county land, he drops out of sight and Stoddart, in violation of the express agreement between him, Hayes, and Mitchell, is found in possession of the deed, which he has placed upon the record. It looks very like Mitchell and Stoddart had formed a plan for imposing not only upon Hayes, but the other members of the family, and it is by no means a forced inference, from all the facts, that the wife and daughters took possession of the hotel property on representations made by Mitchell and Stoddart that the trade had been concluded. The evidence also tends strongly to prove that the deed to his daughters was executed and acknowledged by Hayes at the time the deed and acknowledgment bear date, and after a careful consideration of all the circumstances of the case we cannot say that the court erred in its finding, and the judgment is affirmed. All concur.